IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Rita R. Brogan,                                                        Case No. 3:15CV2427

        Plaintiff

    v.                                                                          **ORDER**

Commissioner of Social Security,

        Defendant

This is a Social Security case in which the plaintiff, Rita Brogan, appeals from the Commissioner's decision denying her application for benefits.

An administrative law judge found that Brogan suffered from multiple severe impairments, including depressive disorder and bipolar disorder. (Doc. 12 at 612). But the ALJ determined that Brogan had the residual functional capacity to perform light work, as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(b), and thus was not disabled. (*Id.* at 614–23).

Pending is Magistrate Judge Knepp's Report and Recommendation (Doc. 21), which recommends that I affirm the Commissioner's decision. As is relevant here, the Magistrate Judge ruled that the ALJ gave good reasons for affording only "little weight" to the opinion of Brogan's treating psychiatrist, Satwant Gill. (*Id.* at 16–18).

Dr. Gill, who treated Brogan for two years beginning in August, 2008 (Doc. 17 at 7), opined in a July 23, 2010, medical statement that Brogan's "moderate limitations" – in maintaining concentration, working at a reasonable pace, being punctual, and withstanding the stresses of simple,

unskilled work – "seriously interfere[d] with [and] . . . may preclude [her] ability to [work] on a regular basis." (Doc. 12 at 516–17).

The ALJ discredited this opinion on the ground that it conflicted with two contemporaneous treatment notes:

> On June 20, 2010, [a] nurse's progress note show[ed] that the claimant had good hygiene. She was oriented times four and she was alert. She had sufficient concentration and her mood was stable. Her thought process was organized and she was cooperative. She denied any perceptual disturbances and she denied danger [citing Tr. 884]. Later, on December 3, 2010, Dr. Gill noted that the claimant was dressed neatly and she was alert and oriented. She was cooperative and her mood and affect was stable. No lability of mood was noted and she had no formal thought disorder. She was not seen to be in any acute distress. She did not seem to be in any immediate danger to herself or others [citing Tr. 891]. The undersigned finds that the evidence of record does not support that the claimant was seriously limited and precluded in the abovementioned activities. Therefore, the undersigned gives little weight to the medical opinion of Dr. Gill.

(*Id.* at 623).

Magistrate Judge Knepp determined that this was a good reason for discounting Dr. Gill's opinion:

> Although the ALJ cited only two treatment notes, those notes are from the time period surrounding Dr. Gill's July 2010 opinion—one before (June 2010), and one after (December 2010). Discounting a treating physician's opinion based on inconsistent contemporaneous treatment notes is reasonable. *See Price v. Comm'r of Soc. Sec.*, 342 F. App'x 172, 177 (6th Cir. 2009) (finding treating physician rule not violated in part where: "the record also supports the ALJ's conclusion that [the treating physician's] opinion was inconsistent with his own prior assessments and treatment notes"); *Jackson v. Comm'r of Soc. Sec.*, 2016 WL 1211425, *6 (W.D. Mich.) ("This statement was inconsistent with . . . contemporaneous treatment notes that stated Plaintiff was 'doing very well' and was 'alert, cooperative, and oriented' with satisfactory memory.").
>
> The June 2010 nurse's progress note referenced by the ALJ noted Plaintiff's physical appearance was good; she was oriented to person, place, time, and events; she was alert; her concentration was sufficient; her mood was stable; her thought process was organized; and she was cooperative. (Tr. 884). The December 2010 note from Dr.

2

> Gill stated Plaintiff "related she has been doing well on the medicines." (Tr. 891). He noted she was "[a]lert and oriented"; "[c]ooperative"; "[m]ood and affect stable"; "[n]o lability of the mood noted"; "[n]o formal thought disorder noted"; and "[s]he was not seen to be in any acute distress . . . [or] in any immediate danger to herself or others." *Id.* He recommended Plaintiff continue her current medication regime, follow up with the nurse in five weeks, and follow up with Dr. Gill in nine weeks (or as needed before that). (Tr. 892). Moreover, other treatment notes from Dr. Gill from the time period leading up to his opinion similarly support that Plaintiff was stable and doing well on medication. (Tr. 477 (May 2010), 479 (March 2010), 481 (January 2010), 486 (November 2009), 491 (July 2009), 495 (May 2009), 497 (March 2009)). The same is true for other notes after that time period. (Tr. 888 (September 2010), Tr. 893 (January 2011)). Thus, the undersigned finds it was reasonable for the ALJ to give "little weight" to Dr. Gill's July 2010 opinion that Plaintiff was more severely limited. *See Price*, 342 F. App'x at 177; *Jackson*, 2016 WL 1211425, *6. The ALJ's reasons were "sufficiently specific to make clear to any subsequent reviewers the weight given to the treating physician's opinion and the reasons for that weight." *Wilson*, 378 F.3d at 544. The ALJ's opinion addressed the consistency and supportability of Dr. Gill's opinion. *See Henke*, 498 F. App'x at 640, n.3; *Benneman* 2012 WL 5384974, at *1. Although Plaintiff points to contradictory evidence in the record, as noted above, even if substantial evidence or indeed a preponderance of the evidence supports a claimant's position, the court cannot overturn "so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones*, 336 F.3d at 477.

(Doc. 21 at 17–18).

Brogan has objected to the R&R. (Doc. 22). She argues that the ALJ's reliance on "isolated treatment notes" to discount Dr. Gill's opinion "flies in the face of Social Security's own regulations." (*Id.* at 4). Brogan also contends the ALJ erred by not mentioning "the factors that must be considered where an opinion [from a treating source] cannot be given controlling weight[.]" (*Id.* at 5).

On de novo review, *see Thomas v. Comm'r of Soc. Sec.*, 2017 WL 773586, *1 (N.D. Ohio), I will overrule Brogan's objections, adopt the R&R as the order of the court, and affirm the denial of benefits.

3

It is well-settled, as the Magistrate Judge explained, that inconsistencies within a treating source's opinion, or between that opinion and other record evidence, provide a basis for discounting the opinion. *E.g.*, *Price v. Comm'r of Soc. Sec.*, 342 F. App'x 172, 177 (6th Cir. 2009); *Jackson v. Comm'r of Soc. Sec.*, 2016 WL 1211425, *6 (W.D. Mich.).

Such inconsistencies were present here. While Dr. Gill opined in July, 2010, that Brogan's moderate limitations all but precluded her from working, the contemporaneous notes do not bear that opinion out. To the contrary, the June, 2010 and December, 2010 treatment notes suggested that Brogan's medication regimen was helping to control Brogan's symptoms, such that she was alert, displayed "sufficient" concentration, and was cooperative and organized. They suggested, in other words, that Brogan's mental impairments did not limit her to the extent that Dr. Gill maintained.

To be sure, an ALJ must not cherry-pick evidence to support his opinion, but must instead view the evidence in the record as a whole. *Selzer v. Colvin*, 2017 WL 405246, *1 (N.D. Ohio). But there is no merit to Brogan's contention that the ALJ improperly viewed the two treatment notes just discussed "in isolation."

Given the substantial limitations that, according to Dr. Gill, existed as of July, 2010, it was reasonable for the ALJ to consult the contemporaneous medical record in search of evidence to support that opinion. Having found none – and, indeed, having found quite the opposite – it was likewise reasonable for the ALJ to rely on the inconsistent reports to discredit Dr. Gill's opinion. (Notably Brogan's objections do not cite any contemporaneous evidence that supports Gill's opinion).

Finally, I reject Brogan's argument that I should vacate the Commissioner's decision because the ALJ did not conduct a detailed analysis of the five factors governing how much non-controlling weight he assigned to Dr. Gill's opinion. *See* 20 C.F.R. § 404.1527(d)(2) (listing factors).

There is no requirement that the ALJ conduct an "exhaustive factor-by-factor analysis." *Francis v. Comm'r of Soc. Sec.*, 414 F. App'x 802, 804 (6th Cir. 2011). Rather, the ALJ simply needs to delineate "good reasons" for not assigning controlling weight to the treating source's opinion. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 660 (6th Cir. 2009). And as the Magistrate Judge correctly explained, that is what the ALJ did here. (Doc. 21 at 15–17).

## Conclusion

It is, therefore

ORDERED THAT:

1. Plaintiff's objections to the Report and Recommendation (Doc. 22) be, and the same hereby are, overruled;

2. The Report and Recommendation (Doc. 21) be, and the same hereby is, adopted as the order of the court; and

3. The Commissioner's decision be, and the same hereby is, affirmed.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge